ORDER DENYING APPEAL
GARY P. SULLIVAN, Chief Justice.
A Notice of Appeal having been timely filed, on October 17, 2001 by Melissa G. Buckles, Lay Advoeate, on behalf of defendant, Robert Martin Martel! Jr., from a plea of guilty to three misdemeanor counts entered and accepted on September 24, 2001, the Honorable Barry C. Bighorn, presiding. Said appeal is denied for the reasons set forth below.
Defendant alleges that his constitutional rights pursuant to 25 USC § 1302(8) were violated in that he was held to different standards “not consistent with Tille VI C( '0.1 2000 Ü 102.[1]" The federal, law cited is the Indian Civil Rights Act which forbids Tribal governments from denying due process of law and equal protection to any person and the Fort Peck Tribal Comprehensive Code of Justice (CCOJ) section cited requires that criminal complaints, with exceptions noted, must be filed within one (1) year of the offense.
Defendant further alleges that he was refused the right to obtain counsel. No *224 authority is cited for this contention, however, we take note of 25 USC 302(6) which forbids any Indian Tribe from denying any person the right to counsel at the defendant’s own expense.
The three offenses were alleged to have taken place on February 24, 2000. A criminal complaint was filed on March 6, 2000. Therefore, the one (1) year filing requirement of § 102. referenced above, was met. We note that the defendant did not enter a plea until September 24, 2001, however, the record is silent as to the reason for the time lapse. Defendant does not raise the issue of speedy trial and nothing in the record supports this Court’s raising the issue sua sponte.
In his appeal, defendant alleges that he “was refused a withdrawal of a guilty pleas (sp.) and request for time to obtain counsel ... ” Defendant fails to state any of the particulars, such as: when, where, how, and who, denied him access to a lawyer. Nothing in the record indicates that the defendant was denied access to a lawyer or lay counselor. Further, it should be noted that Title VI CCOJ 2000 StO'.[2] grants the Tribal Court discretion as to whether a guilty plea may be withdrawn. We also note that the Tribal Court gave the defendant an opportunity to ameliorate the sentence on each of the three (3) charges: No driver’s license (sentence $50 fine; suspended thirty (30) days to obtain valid license; Mandatory Financial Responsibility (sentence $50 fine; suspended thirty (30) days to obtain proper insurance; and Criminal Mischief (sentence to thirty (30) days flat jail time; suspended for ninety (90) days to pay $250 restitution.
After careful review of all of the record, this Court finds no legal basis upon which to grant defendant’s request for appeal.
NOW/THEREFORE, it is the order of this Court that the appeal herein, captioned as shown above, is denied and all Tribal Court orders heretofore stayed or not acted upon because of, or pursuant to, the pendency of this appeal, are herewith restored and shall be given full force and effect without further delay.

. 1 Sec. 102. Time limit lor commencing criminal prosecution.
With the exception stated below, no prosecution for an offense under this Code shall be maintained unless the complaint is filed within one (1) year after the commission of the offense ...

. Sec. 403. Withdrawal of guilty plea.
The Court may, in its discretion, allow a defendant to withdraw a plea of guilty if it appears that the interest of justice and fairness would be served by doing so.